**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br>Andrea Lange,<br>*Debtor*. | : Bankruptcy No. 24-12403-AMC<br>: Chapter 13<br>: |
| Citigroup Mortgage Loan Trust 2022-RP3<br>*Movant*,<br>vs.<br>Andrea Lange,<br>*Debtors/Respondents,*<br>and<br>Kenneth E. West, Esquire,<br>*Trustee/Respondent.* | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**<u>CONSENT ORDER / STIPULATION AGREEMENT SETTLING MOTION FOR RELIEF FROM AUTOMATIC STAY</u>**

AND NOW, upon the Motion of Citigroup Mortgage Loan Trust 2022-RP3, for relief from the automatic stay pursuant to Bankruptcy Code § 362(d), as to certain property, 6320 Brous Avenue, Philadelphia, PA 19149 (the "Property"), it is hereby agreed as follows:

Andrea Lange (hereafter, "Debtor)") acknowledge that the following monthly post-petition mortgage payments are due as follows:

Monthly Payments January 1, 2025 through April 1, 2025 at $791.02/each………..**$3,164.08**
Attorney's Fees/Costs……………………………………………………………..**$1,549.00**
Arrears ("Arrears")………………………………………………………………..**$4,713.08**

1. Debtors shall cure the Arrears as set forth above in the following manner:

   a. The total post-petition arrears, in the amount of **$4,713.08** shall be added into, and paid through, the Chapter 13 Plan of Reorganization in addition to the current arrearage amount on Movant's Proof of Claim. Counsel for Debtor(s) shall file an Amended Plan within fifteen (15) days of the entry of this Stipulation.

2. Debtors agree to continue making the regular post-petition monthly mortgage payments to Creditor in the amount of (or as may be adjusted from time to time, as per standard escrow practices or Contract terms), commencing with the **May 1, 2025** payment and monthly every payment thereafter.

3. Debtors shall make the regular monthly payments required to the Trustee.

4. Debtors shall send all payments due directly to Creditor at the address below:

**Rushmore Servicing**
**PO Box 619096**
**Dallas, TX 75261**

**Rushmore's** loan **#xxxxx3214** must appear on each payment.

5. In the event Debtors fail to make any of the payments set forth hereinabove (or real estate taxes and/or hazard insurance when due) on or before the due dates, Creditor and/or Counsel may give Debtors and Counsel for Debtors notice of the default. If Debtors do not cure the default within ten (10) days of the notice, upon Certification of Default to the Court, and request for Order, with a copy to Debtor and Counsel for Debtor, Creditor shall immediately have relief from the bankruptcy stay upon entry of Court Order. Debtors' opportunity to cure the default shall be limited to two (2) occurrences. Upon the third occurrence, Creditor may file a Certification of Default with the Court without notice to Debtor or Debtor's counsel.

6. The failure by the Creditor, at any time, to file a Certification of Default upon default by the Debtors shall not be construed, nor shall such failure act, as a waiver of any of Creditor's rights hereunder.

7. Upon issuance of the aforesaid Order, the parties hereto further agree that Creditor may proceed in state court to exercise all rights and remedies available to it as a mortgagee and creditor under state and federal law including, but not limited to, the initiation of and continuation of foreclosure and execution process through sheriff's sale concerning the Property and ejectment thereafter.

8. In the event Debtors convert to a bankruptcy under Chapter 7 of the Bankruptcy Code, then Debtors shall pay all pre-petition arrears and post-petition arrears within 10 days from the date the case is converted. If Debtors fails to make payments in accordance with this paragraph, then the Creditor, through Counsel, may file a certification setting forth said failure and the Creditor shall be granted immediate relief from the automatic stay.

9. It is further agreed that the 14-day stay provided by Rule 4001(a)(3) is hereby waived.

10. The undersigned parties request that the Court enter an Order approving this Consent Order/Stipulation and the terms therein.

By signing this Stipulation, Counsel for Debtors represents that the Debtor(s) is/are familiar with and understand the terms of this Stipulation and agrees to said terms regardless of whether the Debtor(s) has/have signed this Stipulation. Seen and agreed by the parties on the date set forth below:

/s/ Danielle Boyle-Ebersole

Danielle Boyle-Ebersole, Esquire
Counsel for Creditor

Date: 05/05/2025

~~Brad J. Sadek~~, Esquire
Counsel for Debtor

Date: 5/5/25

*/s/ Jack K. Miller, Esquire for*

Kenneth E. West, Esquire
Trustee

Date: *5/5/2025*

*I have no objection to its terms, without prejudice to any of our rights and remedies.*